Mr. Frederick N. Scott, Sponsor Little Red Hen Committee Post Office Box 13135 Maumelle, AR 72113 Dear Mr. Scott:
I am writing in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed constitutional amendment. Your submission is a revision of one my immediate predecessor rejected in Ark. Op. Att'y Gen. No.2006-118 based upon ambiguities in the text of the proposed amendment.
Your popular name is as follows:
 Popular Name LOCAL TERM LIMITS AMENDMENT
Although you have not expressly designated it as such, your ballot title is apparently as follows:
 Ballot Title AN AMENDMENT TO THE CONSTITUTION OF THE STATE OF ARKANSAS LIMITING THE LENGTH OF TERMS OF OFFICE AND THE NUMBER OF TERMS OF OFFICE FOR ALL ELECTED COUNTY AND CITY OFFICES. OFFICES THAT ARE LARGELY ADMINISTRATIVE IN NATURE, SUCH AS ASSESSOR, TREASURER, OR SHERIFF ARE LIMITED TO TWO, FOUR YEAR TERMS. OFFICES THAT ARE *Page 2 
LEGISLATIVE IN NATURE, SUCH AS JUSTICE OF THE PEACE OR ALDERMAN ARE LIMITED TO THREE, TWO YEAR TERMS. OFFICES WHICH ARE ADMINISTRATIVE IN NATURE, SUCH AS COUNTY JUDGES AND MAYORS, THAT HAVE ONLY VETO POWER OVER LEGISLATION, ARE LIMITED TO TWO, FOUR YEAR TERMS; THOSE WITH A VOTE ON LEGISLATIVE MATTERS ARE LIMITED TO THREE, TWO YEAR TERMS.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neithercertification nor rejection of a popular name and ballot title reflectsmy view of the merits of the proposal. This Office has been given noauthority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest, 342 Ark. 434, 29 S.W.3d, 669
(2000); Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119 (1996); andPlugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that thepopular name and ballot title honestly, intelligibly, and fairly setforth the purpose of the proposed amendment or act. See Arkansas Women'sPolitical Caucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984). *Page 3 
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to ambiguities in the text of your proposed measure. A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the *Page 4 
effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguities:
 1. As an initial matter, I will note that your apparent ballot title might be read as casting doubt on the intention of your text. You indicate that offices that are "largely administrative in nature, such as Assessor, Treasurer, or Sheriff," will be limited to certain terms of service. (Emphases added.) You then specify that "Offices which are administrative in nature, such as County Judges and Mayors, that have only veto power over legislation," will be limited to different terms of service. (Emphases added.) The distinction between "largely administrative" and simply "administrative" is in itself unclear and might not be intelligible to a voter. Moreover, the term "such as" in the quoted passages leaves unclear precisely which offices you mean to include in the recited restrictions. Although I am empowered to substitute a more suitable ballot title for your measure, your proposed summation casts doubt on the meaning of the text of your measure in this regard, and reflects an ambiguity in the text of your measure.
 2. The recitation in your proposed ballot title regarding "Offices which are administrative in nature, such as County Judges and Mayors, that have only veto power over legislation" is misleading inasmuch as no mayor of a town or city of any class has only the power to veto legislation. See A.C.A. §§ 1 4-43-504(e) (Repl. 1998) (granting the mayor of a city of the first class the power of veto); 14-43-501(b)(1)(B) (Repl. 1998) (granting the mayor of a city of the first class the qualified power to vote when needed to pass an ordinance, bylaw, resolution, order or motion); 14-44-107 (Repl 1998) (granting the mayor of a city of the second class the power of veto and the qualified power to vote); 14-47-116(b)(4) (Repl. 1998) (granting the mayor in a city manager form of government the unqualified power to vote on all matters but denying him any veto power); 14-45-105
(Repl. 1998) (granting the mayor of a town the power of veto and the qualified power to vote). The only official charged with "only veto power over legislation," which is the coinage contained in your proposed ballot title, is a county judge. See *Page 5 
A.C.A. § 14-14-1101(a)(1) (Repl. 1998) and Ark. Const. amend. 55, § 3. The suggestion in your proposed ballot title that a mayor might be subject to this restriction is thus misleading and casts doubt on the intention of your measure.
 3. The first provision of your proposed amendment reads as follows:
 Terms for elective County or City offices that have no vote on legislative matters shall be for four years and no person shall hold that same office for more than two such terms.
 I consider this provision unclear, and hence potentially confusing to voters, in that it fails to specify whether the referenced power to "vote on legislative matters" means the power to vote on all
legislative matters or whether the phrase further includes the limited power to vote only on certain matters under the circumstances applicable to mayors, as discussed above. In short, it is unclear whether you consider a mayor as having "no vote on legislative matters."
 4. The second provision of your proposed amendment reads as follows:
 Terms for elective County or City offices that have a vote on legislative matters shall be for two years; and no person shall hold that same office for more than three such terms.
 Again, I consider this provision unclear, and hence potentially misleading, in that you fail to specify whether it includes a mayor, who has an extremely circumscribed power to "vote on legislative matters."
 5. Sections one and two of your proposed amendment would impose term limits for various "County or City offices." In addressing generic limitations on terms in "elective office" in your previous submission, my predecessor offered the following: *Page 6 
 You have not specified the offices included in the term "elective office. . . ." Questions may arise, for example, as to whether your measure intends to include school district offices. Requiring voters to deduce the covered offices by the process of elimination is not in my opinion sufficient to apprise them of the issue they being asked to approve.
 In my opinion, this criticism continues to apply. Although you have specified in your current proposal that it applies only to city and county elective offices, and not to school district offices, at a minimum, it may be necessary to apprise voters of the precise offices in question in a ballot title for your measure.
 6. The third provision of your proposed amendment reads as follows:
 Persons appointed to an elective office may only finish out the term of the office, and may not then be elected to that office.
 I consider the use of the term "then" in this provision unclear, and hence potentially misleading to the voters. I cannot determine in reading this provision whether an appointee would be barred from subsequent election to his appointive office forever or only in the term immediately following the completion of his appointive term.
 7. The fourth provision of your proposed amendment provides:
 Persons may not be appointed to an elective office to which they have been previously elected or appointed.
 This provision and the third provision of your proposed amendment are substantively indistinguishable from section two of your previous submission, which prompted my predecessor to offer the following critique:
 Section 2 of your measure provides that: "Persons appointed to an elective office may only finish out the term of the *Page 7 
office, and may not then be elected to that office; nor may they have been previously elected or appointed to that same office." An ambiguity exists as to how this provision would interact with Arkansas Constitution, Amendment 29, which also governs the filling of vacancies in some of the offices apparently included in your measure. See e.g., Ops. Att'y Gen. 2004-308 and 2001-067. In addition, your measure is unclear in whether it prohibits the appointment of persons who have ever been previously elected or appointed to the same office or only persons who have been elected or appointed to the office in the term immediately preceding the appointment.
 I agree in all respects with my predecessor's analysis of this issue.
 8. Subsection 7(a) of your proposed amendment provides as follows:
 This Amendment to the Arkansas Constitution shall take effect and be in operation on January 2, 2009, and its provisions shall be applicable to all persons thereafter seeking election to the offices specified in this Amendment.
 Subsection 7(c) further provides:
 Persons holding office contrary to the provisions of this Amendment at the time this Amendment goes into effect may complete their current term of office; but in no event may they serve more than an additional two years in their current office.
 In addressing materially indistinguishable provisions in your previous submission, my predecessor offered the following critique:
 As an initial matter, the retroactive effect of your measure is not clear. Your measure is effective January 2, 2007 and is applicable to "all persons thereafter seeking election. . . ." Do previously-served terms of office (served previous to *Page 8 
January 2, 2007), count against the three-term limit? I cannot determine from the language used. Cf. U.S. Term Limits, Inc. v. Hill, 316 Ark. 251, 274, 872 S.W.2d 349 (1994) (noting that Arkansas Constitution, Amendment 73 proclaims that it is "applicable to all persons thereafter seeking election" and that "it is simply not clear on when counting the terms must commence.") This ambiguity is not clarified completely by subsection (c). I cannot determine the meaning of that subsection. It is unclear in this regard whether "persons holding office contrary to the provisions of this Amendment" on its effective date, refers to the length of a term, the number of terms to be served, or both. If the former, an additional ambiguity exists from the possibility that the no "more than an additional two years" limitation would cut short the term of an officer who has more than two years left in a current term. See e.g., A.C.A. § 6-13-608 (terms of school board directors). Because your amendment purports to be self-executing, it is unclear whether any such vacancy created would be filled by appointment or election.
 I agree in all respects with this analysis, which I believe continues to apply to your current submission.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot *Page 9 
title and the language in the proposed measure." Roberts v. Priest,341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself."Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c).
Sincerely,
DUSTIN McDANIEL
Attorney General *Page 1